BROWN-MOORE LUMBER COMPANY *v.* MORGAN.

Opinion delivered April 21, 1924.

PARTNERSHIP—WHEN NOT CREATED.—A contract between the owners of timber lands and the assignee of a lumber company's contract, giving the assignee option to cut the timber at a stipulated price, and providing for suspension of operations should they prove unprofitable and that such suspension should not cause a forfeiture, *held* not to create a partnership between the owners and such assignee.

Appeal from Conway Chancery Court; *W. E. Atkinson,* Chancellor; affirmed.

STATEMENT OF FACTS.

Q. A. Morgan, W. W. Barrett and E. R. Barrett brought this suit in equity against the Brown-Moore Lumber Company to obtain an accounting of the amount owed the plaintiffs by the defendant for timber cut on their lands under a contract, and also to foreclose a mortgage on personal property given to secure said indebtedness.

The defendant denied owing the plaintiffs any amount whatever, and claimed that there was a partnership existing between them for cutting and removing the timber from the lands of the plaintiffs.

The plaintiffs are citizens of the State of Missouri, and own about 8,000 acres of timber lands in Conway and Van Buren counties, Arkansas. On May 28, 1919, the plaintiffs made an agreement with the Groblebe Lumber Company, a Missouri corporation, whereby that company secured an option to cut and remove the timber from said lands at a stipulated price. The Groblebe Lumber Company commenced cutting the timber under the contract, and continued to do so until August, 1921, when it sold its sawmill and planing machinery to the Brown-Moore Lumber Company, an Arkansas corporation. This latter corporation appears to have been formed for taking over the holdings of the Groblebe Lumber Company in Arkansas. The Groblebe Lumber Company assigned its right under its timber contract with the plaintiffs to

the Brown-Moore Lumber Company, and the latter company continued to cut and remove timber from the lands of the plaintiffs until the latter part of December; 1921. It was then ascertained that the Groblebe Lumber Company had not paid the plaintiffs for the timber cut and removed from the lands, and there was due the plaintiffs for timber cut and removed approximately $35,000.

The Brown-Moore Lumber Company claims to have paid the Groblebe Lumber Company for the timber which it cut and removed from the lands, but it is not claimed that payment was made by any one to the plaintiffs for timber thus cut and removed from their lands. On the 14th day of January, 1922, the Brown-Moore Lumber Company, the Groblebe Lumber Company, the plaintiffs, and a certain banking company entered into a written contract, undertaking to modify the terms of the original contract and defining the future rights of all the parties in interest. This contract recognized that the timber lands in question belonged to the plaintiffs, and that they had executed a contract with the Groblebe Lumber Company whereby it secured an option to cut and remove the timber from said lands by paying a stipulated price therefor. The new contract also recognized that the Groblebe Lumber Company had assigned its rights under the original contract to the Brown-Moore Lumber Company. The contract also recognized that between thirty-four and thirty-five thousand dollars were due the plaintiffs for timber which had been cut and removed from the lands. It was further agreed that a mortgage should be executed on certain personal property owned by the Brown-Moore Lumber Company to the plaintiffs, and this mortgage was executed and duly filed for record.

The new contract is so long and involved that it would extend this opinion beyond practical limits to set it out in full. Further reference will be made to it in the opinion. Other facts will be also stated in the opinion.

The chancellor found the issues in favor of the plaintiffs, and rendered judgment in their favor against the

defendant for the amount due for timber which had been cut and removed from their lands and for taxes paid by the plaintiffs, which, under the contract, should have been paid by the defendant.

It was also found that the mortgage was given by the defendant to the plaintiffs to secure this indebtedness, and it was decreed that the mortgage should be foreclosed.

To reverse that decree the defendant has duly prosecuted an appeal to this court.

*Gordon & Combs,* for appellant.

*Strait & Strait* and *S. R. Robertson,* for appellee.

HART, J., (after stating the facts). The proof shows that timber of the value of the amount found to be due by the chancellor was cut and removed from the lands of the plaintiffs. According to the testimony of the plaintiffs, some of this timber was cut by the Groblebe Lumber Company and some by the Brown-Moore Lumber Company after the latter had acquired the rights of the former to cut and remove the timber upon the payment of the stipulated price.

The main ground of the defendant for a reversal of the judgment is that, by the terms of the new contract made between all the parties in interest in January, 1922, the plaintiffs and the defendant became partners in the removal of the timber.

All of the plaintiffs denied that there was any intention of forming a partnership between themselves and the defendant for cutting and removing the timber from their lands. They testified that the object of the contract entered into in January, 1922, was to modify the rights of all the parties under the former contracts and to obtain security for the amount owed the plaintiffs by the execution of a chattel mortgage from the defendant to the plaintiffs.

Other witnesses corroborated the testimony of the plaintiffs to the effect that no partnership was formed between the plaintiffs and the defendant for the purpose

of cutting and removing the timber from the lands of the plaintiffs.

T. J. Moore, manager of the Brown-Moore Lumber Company, testified that there was a partnership between the plaintiffs and the defendant; but, on cross-examination, admitted that, if such partnership existed, it was by virtue of the written agreement entered into in January, 1922. As we have already seen, this agreement is very lengthy. It recognizes that timber has been cut from the lands of the plaintiffs in the value of $35,000 under the terms of the original contract. This amount has been arrived at by estimates furnished by the Groblebe Lumber Company when it was cutting the timber and by the Brown-Moore Lumber Company when it succeeded to the rights of Groblebe Lumber Company and began to cut the timber. The new agreement also recites that the Brown-Moore Lumber Company should give a chattel mortgage to secure this indebtedness, and this was done.

The particular clause in the agreement relied upon to constitute the partnership is paragraph No. 14, which reads as follows: "It is further agreed that if, at any time during the life of this contract, it is found that operations cannot be continued on a profitable basis, and that good business judgment would require that same be suspended for a limited length of time, that such suspension may be had for such time as parties hereto may agree in writing, and a suspension for such cause, and agreed upon as hereinabove specified, shall not work a forfeiture of this contract on any party thereto."

It is true that the agreement was written by the attorneys of the plaintiffs, but there is nothing in the language used in this paragraph to show that the parties intended to form a partnership. The agreement nowhere states that the parties intended to form a partnership, nor does it refer to them as partners. On the other hand, the different parties are spoken of throughout the agreement as separate from each other and as dealing at arm's length with each other. It was merely a contract by

which the defendant succeeded to the rights of the Groblebe Lumber Company in its original contract with the plaintiffs for cutting and removing the timber from their lands at a stipulated price. There was a change in the price to be paid by the defendant for timber to be cut in the future, but this does not indicate that the parties intended to form a partnership.

As above stated, the tenor of the whole agreement was to modify the terms of the prior contracts between all the parties and to impose new terms for timber to be cut in the future by the defendant from the lands of the plaintiffs, and to secure the plaintiffs by a chattel mortgage executed to them by the defendant. None of the elements of a partnership, as defined in *Stone* v. *Riggs,* 163 Ark. 211, are expressed in the contract. Therefore we hold that the language of the contract, when considered in its ordinary acceptation, does not constitute a partnership between the plaintiffs and the defendant for cutting and removing the timber from the lands of the plaintiffs.

Under the terms of the contract, the defendant having succeeded to the rights of the Groblebe Lumber Company and having undertaken to assume its obligations to the plaintiffs, it is liable to the plaintiffs for the amount sued for. No useful purpose could be served by setting out the testimony in detail and reviewing it at length.

A careful consideration of the record leads us to the conclusion that the decision of the chancellor was correct, and should be affirmed.